UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DECAPOLIS SYSTEMS, LLC,                :

          Plaintiff,   :   Civil Action
                                   No. 22-40020-TSH

   v.                         :

ECLINICALWORKS, LLC,            :   ***LEAVE TO FILE
                                         GRANTED ON 4/28/2022***

         Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT ECLINICALWORKS, LLC'S
## REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR
## JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

Christopher G. Clark
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
christopher.clark@skadden.com

Douglas R. Nemec
Edward L. Tulin
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000
douglas.nemec@skadden.com
edward.tulin@skadden.com

Counsel for Defendant
eClinicalWorks, LLC

Dated: April 28, 2022

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

TABLE OF ABBREVIATIONS ............................................................................................. iv

PRELIMINARY STATEMENT ...............................................................................................1

I.     DEFENDANT'S MOTION IS RIPE FOR RESOLUTION ...............................................1

        A.     No Claim Construction Issues Require Resolution At This Stage ..........................1

        B.     The Intrinsic Record Is All That Is Necessary To Resolve This Motion.................3

              1.     The Specification Confirms The Asserted Claims Are Abstract .................3

              2.     Even Read in the Light Most Favorable to Plaintiff, The Complaint Contains No Allegations Sufficient To Avoid Dismissal ..........5

II.     PLAINTIFF IGNORES THE MOST ANALOGOUS CASELAW AND MISCHARACTERIZES THE APPLICABLE LAW .............................6

III.     PLAINTIFF'S *ALICE* STEP 2 ARGUMENTS SHOULD BE REJECTED .......................8

IV.     CONCLUSION.............................................................................................................10

# **TABLE OF AUTHORITIES**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
    882 F.3d 1121 (Fed. Cir. 2018)..................................................................................................2

*Accenture Global Services, GmbH v. Guidewire Software, Inc.*,
    728 F.3d 1336 (Fed. Cir. 2013)................................................................................................10

*American Well Corp. v. Teladoc, Inc.*,
    191 F. Supp. 3d 135 (D. Mass. 2016) ........................................................................................2

*Bancorp Services, L.L.C. v. Sun Life Assurance Co. of Canada (U.S.)*,
    687 F.3d 1266 (Fed. Cir. 2012).............................................................................................2, 3

*BlackBerry Ltd. v. Facebook, Inc.*,
    487 F. Supp. 3d 870 (C.D. Cal. 2019) .....................................................................................10

*Bozeman Financial LLC v. Federal Reserve Bank of Atlanta*,
    955 F.3d 971 (Fed. Cir. 2020)....................................................................................................9

*buySAFE, Inc. v. Google, Inc.*,
    765 F.3d 1350 (Fed. Cir. 2014)................................................................................................10

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
    927 F.3d 1306 (Fed. Cir. 2019)..................................................................................................6

*Curb Mobility, LLC v. Kaptyn, Inc.*,
    No. 2:18-CV-02416-MMD-EJY, 2020 WL 4586868 (D. Nev. Aug. 10, 2020) .................7

*Intellectual Ventures I LLC v. Erie Indemnity Co.*,
    711 F. App'x 1012 (Fed. Cir. 2017) ..........................................................................................9

*Ex parte Joao*,
    No. 2016-002070, 2017 WL 2303383 (P.T.A.B. May 25, 2017)....................................1, 7

*Ex Parte Joao*,
    No. 2016-003277, 2017 WL 2377811 (P.T.A.B. May 23, 2017)....................................1, 7

*Joao Bock Transaction Systems, LLC v. Fidelity National Information Services, Inc.*,
    122 F. Supp. 3d 1322 (M.D. Fla. 2015) ....................................................................................1

*Joao Bock Transaction Systems, LLC v. Jack Henry & Associates, Inc.*,
    76 F. Supp. 3d 513 (D. Del. 2014), *aff'd*, 803 F.3d 667 (Fed. Cir. 2015) ...........................1

*MyMail, Ltd. v. ooVoo, LLC*,
    934 F.3d 1373 (Fed. Cir. 2019)..................................................................................................2

*Network Apparel Group, LP v. Airwave Networks Inc.*,
    154 F. Supp. 3d 467 (W.D. Tex. 2015)......................................................................................2

*Northwestern University v. Universal Robots A/S*,
 C.A. Nos. 21-149 (MN), 21-150 (MN),
 2022 WL 903892 (D. Del. Mar. 28, 2022) ............................................................................8

*Rothschild Location Technologies LLC v. Geotab USA, Inc.*,
 No. 6:15-CV-682-RWS-JDL, 2016 WL 3584195 (E.D. Tex. Jan. 4, 2016) .......................3

*RingCentral, Inc. v. Dialpad, Inc.*,
 372 F. Supp. 3d 988 (N.D. Cal. 2019) ................................................................................5

*In re Salwan*,
 681 F. App'x 938 (Fed. Cir. 2017) .....................................................................................1

*Secured Mail Solutions LLC v. Universal Wilde, Inc.*,
 873 F.3d 905, 913 (Fed. Cir. 2017).....................................................................................6

*Simio LLC v. Flexsim Software Products, Inc.*,
 983 F.3d 1353 (Fed. Cir. 2020)...........................................................................................6

*Smart Software, Inc. v. PlanningEdge, LLC*,
 192 F. Supp. 3d 243 (D. Mass. 2016) .................................................................................1

*Synopsys, Inc. v. Mentor Graphics Corp.*,
 839 F.3d 1138 (Fed. Cir. 2016)......................................................................................5, 6

*Two-Way Media Ltd. v. Comcast Cable Communications, LLC*,
 874 F.3d 1329 (Fed. Cir. 2017)...........................................................................................6

*Ultramercial, Inc. v. Hulu, LLC*,
 772 F.3d 709 (Fed. Cir. 2014)...........................................................................................10

*Westwood One, LLC v. Local Radio Networks, LLC*,
 No. 1:21-cv-88-HAB, 2022 WL 190658 (N.D. Ind. Jan. 21, 2022) ...................................8

*Yu v. Apple Inc.*,
 1 F.4th 1040 (Fed. Cir. 2021) .........................................................................................5, 6

**TABLE OF ABBREVIATIONS**

| Abbreviation | Definition |
|---|---|
| "'040 patent" | U.S. Patent No. 7,464,040 |
| "'048 patent" | U.S. Patent No. 7,490,048 |
| "'040 Asserted Claims" | Claims 1 & 46 |
| "'048 Asserted Claims" | Claims 1, 2, 10, 20, 22-40 |
| "Asserted Claims" | Claims 1 & 46 of the '040 patent and claims 1, 2, 10, 20, and 22-40 of the '048 patent |
| Defendant or eCW | eClinicalWorks, LLC |
| Joao Patents | Collectively, the '040 patent and the '048 patent |
| Plaintiff or Decapolis | Decapolis Systems, LLC |
| USPTO | United States Patent & Trademark Office |

## **PRELIMINARY STATEMENT**[1]

If there were ever a case that should be dismissed under Rule 12(c) for lack of subject-matter eligibility, then this is it. The multitude of directly on-point opinions holding that identical or analogous claims are invalid under Section 101 is striking. But Plaintiff does not even attempt to distinguish that litany of applicable precedent, which includes two USPTO decisions invalidating claims that are nearly identical to the Asserted Claims,[2] and two district court decisions and a Federal Circuit decision invalidating claims closely analogous to the Asserted Claims.[3] Plaintiff's opposition is instead consumed by a generic recitation of inapplicable and distinguishable caselaw, mischaracterizations of Federal Circuit precedent, and mischaracterizations of the Joao Patents. In light of the overwhelming caselaw and undisputed factual record, Plaintiff's opposition is thus insufficient to avoid dismissal with prejudice.

### I.  **DEFENDANT'S MOTION IS RIPE FOR RESOLUTION**

#### A.  **No Claim Construction Issues Require Resolution At This Stage**

Plaintiff argues that the Court should deny Defendant's motion because "the Federal Circuit has recognized that resolution of section 101 motions is inappropriate until after claim construction," and "a proper construction" of certain unidentified terms "must still be done in order to properly evaluate" Defendant's motion. (Dkt. No. 42 at 16.) Plaintiff is incorrect.

The Federal Circuit has never held that claim construction must necessarily be performed before a Section 101 motion can be resolved. *Smart Software, Inc. v. PlanningEdge, LLC*, 192 F. Supp. 3d 243, 247 (D. Mass. 2016) ("[C]laim construction is not an inviolable prerequisite to

---

[1]  Unless otherwise noted, all emphases herein have been added, and all internal citations have been omitted.

[2]  *Ex parte Joao*, No. 2016-003277, 2017 WL 2377811 (P.T.A.B. May 23, 2017) ("*Joao I*"); *Ex parte Joao*, No. 2016-002070, 2017 WL 2303383 (P.T.A.B. May 25, 2017) ("*Joao II*").

[3]  *Joao Bock Transaction Sys., LLC v. Jack Henry & Assocs., Inc.*, 76 F. Supp. 3d 513 (D. Del. 2014) (*"Joao Bock I"*); *Joao Bock Transaction Sys., LLC v. Fid. Nat'l Info. Servs., Inc.*, 122 F. Supp. 3d 1322 (M.D. Fla. 2015) ("*Joao Bock II*"); *In re Salwan*, 681 F. App'x 938 (Fed. Cir. 2017).

a validity determination under § 101.").  As this Court has recognized, formal claim construction is not necessary to resolve a Rule 12 motion based on Section 101 grounds, so long as the Court "construes the patent claims in a manner most favorable to the non-moving party."  *Am. Well Corp. v. Teladoc, Inc.*, 191 F. Supp. 3d 135, 137 (D. Mass. 2016).  That is precisely what Defendant has proposed that the Court do here:  adopt the constructions that Plaintiff has proposed for all terms for purposes of this motion (i.e., plain and ordinary meaning, *see* Dkt. Nos. 23, 28.)  This is entirely consistent with Section 101 precedent.  *See, e.g.*, *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018) (noting that if there are claim construction disputes relating to a Rule 12 motion, the court may "proceed by adopting the non-moving party's constructions"); *Network Apparel Grp., LP v. Airwave Networks Inc.*, 154 F. Supp. 3d 467, 474 (W.D. Tex. 2015) (granting Rule 12 Section 101 motion after "Defendants accepted [plaintiff's] proposed definitions for the purposes of th[e] motion").

      Because Defendant adopted Plaintiff's proposed constructions strictly for purposes of this motion (*see* Dkt. No. 36 at 5 n.3), this case is distinguishable from those cited in Plaintiff's opposition.  For instance, Plaintiff cites *MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1379 (Fed. Cir. 2019) (Dkt. No. 42 at 2), but there the district court failed to "construe [the disputed term] 'toolbar' or *adopt [plaintiff's] proposed construction* of 'toolbar' for purposes of deciding [defendants'] Rule 12(c) motions."  *MyMail*, 934 F.3d at 1379.  And while Plaintiff also cites *Bancorp Services, L.L.C. v. Sun Life Assurance Co. of Canada (U.S.)*, 687 F.3d 1266, 1273 (Fed. Cir. 2012) (Dkt. No. 42 at 2), that case affirmed the district court's holding that the asserted claims were directed to unpatentable subject-matter, and noted that "[t]his court has never set forth a bright line rule requiring district courts to construe claims before determining subject matter eligibility."  *Bancorp*, 687 F.3d at 1273.

2

Finally, Plaintiff never explains why claim construction of any particular term is necessary before the Court can resolve Defendant's motion, or even identifies any such term. That is fatal to Plaintiff's argument. *Rothschild Location Techs. LLC v. Geotab USA, Inc.*, No. 6:15-CV-682-RWS-JDL, 2016 WL 3584195, at *4 (E.D. Tex. Jan. 4, 2016), *report and recommendation adopted*, No. 6:15-CV-682-RWS-JDL, 2016 WL 2847975 (E.D. Tex. May 16, 2016) ("[T]o the extent a patentee contends a full claim construction proceeding is necessary prior to determining validity, it is the burden of the patentee to come forward and specifically identify the claim terms and proposed constructions that would affect the § 101 inquiry.").

### B. The Intrinsic Record Is All That Is Necessary To Resolve This Motion

#### 1. The Specification Confirms The Asserted Claims Are Abstract

Plaintiff contends that "the Court is left with zero developed record from which it could possibly assess what was, and what was not, well-understood, routine, and conventional in the art" of the Joao Patents. (Dkt. No. 42 at 1.) Not so. As an initial matter, "courts may . . . draw on their *judicial experience and common sense* at the motion to dismiss stage to assess whether an invention or structural claim elements are *conventional, routine, or well-known*." *Rothschild Location Techs. LLC*, 2016 WL 3584195, at *3. As set forth in Defendant's opening brief, common sense dictates that the elements of the Asserted Claims—storing and updating health records, regulating access to those records, and using those records to send notifications and insurance claims—are the epitome of conventional, routine, and well-known steps.

But the Court need not rely exclusively on common sense for that conclusion, because the Joao Patents themselves establish that these steps were conventional, routine, and well-known. Plaintiff does not dispute that the computer-based communications claimed in the Asserted Claims rely on standard "Internet server computer[s] and/or . . . web site server computer[s]" (Ex. 1 at 16:12-23); that the databases used to store and update information are so

3

conventional that they were discussed in textbooks years before the Joao Patents (*id.* at 19:58-20:3); or that the computer processor used to generate and transmit communications (insurance claims in the '040 patent, and notifications in the '048 patent) is just a conventional, off-the-shelf "CPU" (*id.* at Fig. 2).  Neither the Complaint nor Plaintiff's opposition addresses these portions of the specification, which conclusively and indisputably establish that the Asserted Claims are directed to conventional computer hardware and software used in conventional ways.

Reflecting both the claim language and the interpretation of the USPTO in *Joao I* and *Joao II*, Defendant proposed in its opening brief that the "focus" of the '048 patent is "managing healthcare-related information by regulating access to such information and notifying users of changes," and that the "focus" of the '040 patent is "automatically creating and transmitting an insurance claim utilizing electronically stored information." (Dkt. No. 36 at 5.)  Plaintiff does not directly address those distillations, but instead conflates both patents, and asserts:

> [T]he focus of the claimed advance over the prior art in this case is a system where a medical doctor will transmit a final diagnosis and treatment plan to and will then update the patient's records in the database so as to include all of the data and information described such as the patient's symptoms, the examination findings, the information contained in the diagnostic report and the treatment report, the final diagnosis and the prescribed treatment.

(Dkt. No. 42 at 11; *see also id.* at 12-13 (contending that the Asserted Claims are "directed to providing updated patient information with tangible and concrete hardware that has been adapted for that purpose").)  Even if the Court were to adopt Plaintiff's formulation of the "focus" of the Asserted Claims, that is insufficient to avoid dismissal for at least two reasons.

*First*, neither of the representative claims of the Joao Patents refers to (i) a "medical doctor" performing any steps or (ii) a "final diagnosis and treatment plan."  There is thus a "mismatch between" the allegedly non-abstract elements and the "breadth of [the] claim," which is insufficient to satisfy *Alice* Step 1.  *See Yu v. Apple Inc.*, 1 F.4th 1040, 1045 (Fed. Cir. 2021);

4

*see also Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1149 (Fed. Cir. 2016) (holding that the "§ 101 inquiry must focus on the language of the [a]sserted [c]laims themselves"); *RingCentral, Inc. v. Dialpad, Inc.*, 372 F. Supp. 3d 988, 997 (N.D. Cal. 2019) (rejecting argument that claim was "designed to work . . . in real-time" as an improvement over prior art because nothing "in the claim or specification that specifies a 'real-time' or immediate response").

*Second*, Plaintiff's alleged "focus" dispenses with most of the elements of the Asserted Claims (i.e., regulating access to healthcare records and generating and transmitting notifications in the case of the '048 patent, and automatically generating and transmitting insurance claims in the case of the '040 patent), leaving only the most rudimentary and fundamental element of the claims: electronically storing and updating information. As noted above, this is the well-known and conventional stuff of textbooks, and is thus the ultimate patent-ineligible, abstract idea.

### 2. Even Read in the Light Most Favorable to Plaintiff, The Complaint Contains No Allegations Sufficient To Avoid Dismissal

Plaintiff's opposition block-quotes paragraphs 16, 17, 18, 21, and 27 of the Complaint, seemingly to create the impression that there are factual disputes that cannot be resolved at the pleading stage. (*See* Dkt. No. 42 at 6-7.) According to Plaintiff, the "Court is required by law . . . to accept all factual allegations in the operative Complaint as true." (Dkt. No. 42 at 4.) Plaintiff is incorrect in multiple respects. As an initial matter, when considering a Section 101 motion to dismiss, "a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) (citation omitted). Allegations that are "wholly divorced from the claims or the specification" cannot defeat such a motion. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1317 (Fed. Cir. 2019).

But even if the Court were to accept the allegations from these block quotes as true, Plaintiff does not explain how they allow the inference that the Asserted Claims are anything but abstract. For instance, Plaintiff notes that the Asserted Patents were "cited" by numerous entities. (Dkt. No. 42 at 7 (quoting Dkt. No. 1, ¶¶ 21, 27).) But merely citing to the <u>existence</u> of a patent is not evidence of its unconventionality or eligibility under *Alice*. Indeed, Plaintiff affirmatively pleads that these citations were made <u>*before*</u> the Joao Patents were issued (Dkt. No. 1, ¶¶ 21, 27)—in other words, <u>*before*</u> the Supreme Court's decision in *Alice*. Even drawing all inferences in Plaintiff's favor, this allegation is irrelevant to *Alice* Step 1.

Moreover, Plaintiff's reliance on the USPTO's apparent conclusion that the Joao Patents were distinct from the prior art of record during their prosecution and therefore "novel," (*see, e.g.*, Dkt. No. 42 at 4-5), improperly conflates the novelty inquiry under Section 102 and 103 with the patentability inquiry under Section 101. *Yu*, 1 F.4th at 1045 ("But even if claim 1 recites novel subject matter, that fact is insufficient by itself to confer eligibility."); *Simio LLC v. Flexsim Software Products, Inc.*, 983 F.3d 1353, 1363-64 (Fed. Cir. 2020) (noting that even if a particular "executable-process limitation" was novel, that "does not avoid the problem of abstractness"); *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1340 (Fed. Cir. 2017) ("Eligibility and novelty are separate inquiries."); *Synopsys Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016) (noting that "a claim for a new abstract idea is still an abstract idea "). Thus, even assuming that the Examiners concluded (pre-*Alice*) that the subject-matter of the Asserted Claims was novel, that would not make it patentable.

## II. PLAINTIFF IGNORES THE MOST ANALOGOUS CASELAW AND MISCHARACTERIZES THE APPLICABLE LAW

This case represents the rare circumstance in which the USPTO held that claims with near-identical subject-matter were directed to patent-ineligible abstract ideas. *See Joao I* and

6

*Joao II*. Plaintiff does not grapple with these decisions, except to contend that "[t]hese analogies are provided with no context of the claims themselves, or how the Examiner treated the components together therein, and should be discarded as unhelpful." (Dkt. No. 42 at 10 n.2.) Plaintiff is incorrect. Defendant specifically provided the context for the claims in *Joao I* and *Joao II*, with color-coded comparisons identifying key claim elements and language that is recited verbatim in the Asserted Claims.[4] (Dkt. No. 36 at 10-13.) Moreover, as set forth in *Joao I* and *Joao II*, the Examiner specifically considered both those claim elements individually and as part of the claimed combination—as did the three Administrative Patent Law Judges from the Patent Trial and Appeal Board in affirming the Examiner's decision. *See, e.g.*, *Joao I*, 2017 WL 2377811, at *2-3; *Joao II*, 2017 WL 2303383, at *2-3.

Plaintiff is also incorrect that the USPTO's pre-*Alice* conclusions are entitled to deference. As at least one court recently noted, "the law is unsettled on whether a presumption of validity applies to a patent, issued pre-*Alice*, in an infringement case brought post-*Alice*." *Curb Mobility, LLC v. Kaptyn, Inc.*, No. 2:18-CV-02416-MMD-EJY, 2020 WL 4586868, at *2 (D. Nev. Aug. 10, 2020). The Court need not resolve the question of whether the Joao Patents are entitled to a presumption that they pass muster under *Alice*; even if they are, that presumption is overcome by the specific portions of the specification quoted above, and by the reasoning in *Joao I, Joao II, Joao Bock I, Joao Bock II*, and *Salwan* (which Plaintiff ignores).

Plaintiff also string-cites what it characterizes as recent district court denials of Rule 12 motions. (Dkt. No. 42 at 4.) Those cases are distinguishable. *See, e.g. Nw. Univ. v. Universal Robots A/S*, C.A. Nos. 21-149 (MN), 21-150 (MN), 2022 WL 903892, at * (D. Del. Mar. 28,

---

[4] By contrast, Plaintiff notes that "numerous patents have been issued since *Alice* and were found to be eligible," and lists nine patents that appear to be unrelated to the Joao Patents. (Dkt. No. 42 at 10 n.2.) Plaintiff does not compare these patent claims to the Asserted Claims, and the Complaint makes no reference to them.

7

2022) (denying motion to dismiss because claims were directed to "a modular architecture that specifies an arrangement of components that distributes control and gives rise to *a new type of robot* with greater autonomy and more intelligence of its surroundings"); *Westwood One, LLC v. Loc. Radio Networks, LLC*, No. 1:21-cv-88-HAB, 2022 WL 190568, at *5-7 (N.D. Ind. Jan. 21, 2022) (concluding that although one patent failed to satisfy *Alice* Step 1, denial of a Rule 12 motion was appropriate because there were factual issues relating to the "*level of centralization*" afforded by the claimed subject-matter, and denying motion as to second patent because it claimed "*discrete content files*" to improve the "inflexibility of the real time network stream"); *Milliman, Inc. v. Gradient A.I. Corp.*, 1:21-cv-10865, Dkt. No. 43 (D. Mass. Mar. 11, 2022) (slip. op.) (concluding that representative claims were directed to abstract idea of "labeling and matching data," but denying Rule 12 motion because there were specific factual disputes regarding "whether the claimed *encryption, aggregation and reporting of anonymized information* proceeds in an inventive manner").[5]  Moreover, none of the foregoing cases involved subject-matter that the USPTO, district courts, and the Federal Circuit have already determined fails to satisfy *Alice*, as is the case here.

### III.   PLAINTIFF'S *ALICE* STEP 2 ARGUMENTS SHOULD BE REJECTED

Plaintiff's *Alice* Step 2 arguments rest primarily on its contention that the Asserted Claims pass the machine-or-transformation test.  They do not.  To meet the "machine" prong of the test, "the subject patent must disclose the use of an apparatus specific to the claimed invention." *Intellectual Ventures I LLC v. Erie Indem. Co.*, 711 F. App'x 1012, 1019 (Fed. Cir. 2017) (citing

---

[5]   Plaintiff cites "*Trustees of Columbia University in the City of New York v. Nortonlifelock, Inc.*, 3:13-cv-00808, Dkt. No. 718 (E.D. Va. February 2, 2022)," (Dkt. No. 42 at 4), but this order deals with a motion to exclude expert testimony, not a Rule 12 motion based on Section 101 grounds.  Plaintiff also cites the unpublished opinion from *Voxer, Inc. v. Facebook, Inc.*, No. A-20-cv-655, Dkt. No. 236 (W.D. Tex. Feb. 15, 2022), but this decision does not outline the Court's reasoning in any detail.  It merely includes the parties' respective allegations, and then concludes "that Facebook has failed to show by clear-and-convincing evidence that [the asserted patents address] only an abstract idea and present[] no inventive concept."  *See id.* at 4-7.

8

*Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014)). But as discussed above, the generic computer components discussed in the Joao Patents—including an off-the-shelf "microcomputer, a minicomputer, a macro-computer, and/or a mainframe computer" (Ex. 1 at 16:12-23)—are not specific to the claimed invention. Moreover, "[w]hile the Supreme Court has explained that the machine-or-transformation test can provide a 'useful clue' in the second step of *Alice*, passing the test alone is insufficient" to satisfy *Alice* Step 2. *Bozeman Fin. LLC v. Fed. Rsrv. Bank of Atlanta*, 955 F.3d 971, 980 (Fed. Cir. 2020).

Plaintiff also contends that the machine in the Asserted Claim is a "specialty programmed processor . . . that allows for the updated patient information." (Dkt. No. 42 at 12; *see also id.* at 15-16.) That argument is unavailing for several reasons. <u>First</u>, Plaintiff points to no evidence that "specialty program[ing]" is required for a processor to "update[] patient information." That is sort of thing that computers have always done—i.e., allow for users to input information and then update that information. <u>Second</u>, the Complaint never refers to special programming, and Plaintiff's opposition never identifies what this alleged special programming is. <u>Third</u>, courts have rejected the argument that *Alice* Step 2 can be satisfied by specialized programming used to implement an abstract idea. *See, e.g.*, *BlackBerry Ltd. v. Facebook, Inc.*, 487 F. Supp. 3d 870, 886-87 (C.D. Cal. 2019) (rejecting argument that "conventional, computer hardware" that is "specially programmed" can "supply an inventive concept").[6]

---

[6] Plaintiff devotes much of its opposition to distinguishing what it calls the "*DDR Holdings Cases*." These cases, which were not cited by Defendant, held that analogous technology was unpatentable under Section 101—and rejected the argument that "specialized programming" was sufficient to render abstract subject-matter patentable. *See, e.g.*, *Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345-46 (Fed. Cir. 2013) (concluding that even "very detailed software implementation guidelines" were insufficient because the computer components were used in conventional ways to perform "generalized steps of generating a task in response to events"); *Ultramercial*, 772 F.3d at 714-16 (claims directed to a computer specially programmed to implement a multi-step method of "offering free media in exchange for watching advertisements" were abstract); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1352 (Fed. Cir. 2014) (affirming that a computer-implemented method of providing "a third party guarantee of a sales transaction" required no specialized programming and was thus abstract).

9

## IV. CONCLUSION

Calling the storage and updating of electronic health care information "unconventional" does not make it so—particularly when a USPTO examiner, three administrative law judges at the Patent Trial and Appeal Board, two district courts, and the Federal Circuit have all concluded that this sort of subject-matter is ineligible under Section 101. Plaintiff's Complaint offers no basis to conclude that the claimed subject-matter is anything other than the very height of unpatentable abstraction, and its citation of inapplicable caselaw—while ignoring the myriad cases Defendant cited—only reinforces the unpatentability of these claims. Defendant therefore respectively requests that its motion be granted, and the Complaint dismissed with prejudice.

Dated   April 28, 2022  
        Boston, Massachusetts

Respectfully submitted,

 /s/ Christopher G. Clark

Douglas R. Nemec (*pro hac vice*)  
Edward L. Tulin (*pro hac vice*)  
SKADDEN, ARPS, SLATE,  
   MEAGHER & FLOM LLP  
One Manhattan West  
New York, New York 10001  
(212) 735-3000  
douglas.nemec@skadden.com  
edward.tulin@skadden.com

Christopher G. Clark (BBO #663455)  
SKADDEN, ARPS, SLATE,  
   MEAGHER & FLOM LLP  
500 Boylston Street  
Boston, Massachusetts 02116  
(617) 573-4800  
christopher.clark@skadden.com

*Counsel for Defendant*  
*eClinicalWorks, LLC*