UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
MASSACHUSETTS

4:22-CV-40020-TSH

| | |
|---|---|
| DECAPOLIS SYSTEMS, LLC | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| ECLINICALWORKS, LLC | ) |

**PLAINTIFF'S ASSENTED-TO MOTION FOR LEAVE TO FILE A SHORT SUR-REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

Plaintiff Decapolis Systems, LLC ("Decapolis" or "Plaintiff") hereby moves pursuant to Local Rule 7.1(b)(3) for leave to file a short reply memorandum of law not to exceed ten pages in further support of it Opposition to Defendant's Motion For Judgment On The Pleadings Pursuant To Federal Rule Of Civil Procedure 12(c).

As grounds for this motion, Plaintiff states as follows:

1. On May 14, 2021, Plaintiff filed a Complaint in the United States District Court for the Western District of Texas. (ECF No. 1.)

2. On March 1, 2022, the Western District of Texas granted Defendant eClinicalWorks, LLC's ("eCW" or "Defendant") motion to transfer the action to the District of Massachusetts. (ECF No. 30.) On March 3, 2022, the case was transferred to this Court. (ECF No. 31.)

3. On March 29, 2022, eCW filed a Motion for Judgment On The Pleadings Pursuant To Federal Rule Of Civil Procedure 12(c). (ECF No. 35.) Case 4:22-cv-40020-TSH Document 43 Filed 04/27/22 Page 1 of 2 2

4. On April 19, 2022, the Plaintiff filed an Opposition to Defendant's Motion for

Judgment on the Pleadings. (ECF No. 42.)

5. On April 27, 2020, Defendant filed an Assented to Motion for Leave to File a Reply Memorandum which was Granted on April 28, 2022 (ECF Nos. 42 and 43).

5. Plaintiff respectfully requests leave to file a short reply memorandum of law not to exceed ten pages. Plaintiff's reply memorandum of law concisely addresses the arguments the Defendant raises in its Opposition. Plaintiff respectfully submits that the proposed sur-reply memorandum of law will assist the Court in resolving the pending motion for judgment on the pleadings. A copy of Plaintiff's proposed reply memorandum of law is attached as Exhibit A hereto.

WHEREFORE, Decapolis respectfully requests that this Court enter an Order granting its motion for leave to file the sur-reply memorandum of law attached hereto as Exhibit A.

LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned counsel for Decapolis hereby certifies that they have conferred with counsel for eCW who advises that eCW assents-to the relief sought by this Motion.

**DECAPOLIS SYSTEMS, LLC**

By its attorney,

/s/ Paul T. Muniz
Paul T. Muniz
pmuniz@donovanhatem.com
DONOVAN HATEM, LLP
53 State Street, 8th Floor
Boston, MA 02109

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2022, I electronically filed the foregoing document with the United States District Court for the District of Massachusetts by using the CM/ECF. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system.


/s/ Paul T. Muniz

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DECAPOLIS SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ECLINICALWORKS, LLC,<br><br>Defendant. | 4:22-CV-40020-TSH |

### SUR REPLY BRIEF IN OPPOSITION TO RULE 12(c) MOTION FOR JUDGMENT OF INVALIDITY ON THE PLEADINGS

## TABLE OF CONTENTS

I. DISPOSITION OF THIS ISSUE AT THE PLEADING STAGE IS INAPPROPRIATE .................. 1

II. THE ASSERTED CLAIMS ARE PATENT ELIGIBLE UNDER 35 U.S.C. § 101 ........................... 4

    A. Defendant's Eligibility "Analysis" is Defective ...................................................................... 10

        1. *Alice* Step One – The Claims are Not Directed to an Abstract Idea ............................... 10

        2. *Alice* Step Two – The Patent Claims Include an Inventive Concept ............................... 13

    B. Claim Construction .................................................................................................................. 16

III. CONCLUSION .................................................................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018) ............................ 2

*Accenture Global Servs., GMbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1344-45 (Fed. Cir. 2013) ............................................................................................................................................ 12

*Alibris v. ADT LLC*, 2015 WL 5084231, at *4 and n.7 (S.D. Fla. Aug. 28, 2015) ........................ 1

*Alice*, 134 S.Ct. at 2356 ........................................................................................................ 11, 12

*Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1300 (Fed. Cir. 2016) ................ 7, 9

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................................ 16

*Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273–74 (Fed. Cir. 2012) ............................................................................................................................ 2, 12, 13

*Bascom Global Internet Svcs, Inc. v. AT&T Mobility LLC,* 827 F.3d 1341, 1350 (Fed. Cir. 2016) .......... 9

*Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018) ................................................. 3, 8

*Bilski*, 561 U.S. 593, 604–605, 611 .............................................................................. 11, 13, 14

*Black v. Kerzner Int'l Holdings Ltd.*, 958 F. Supp. 2d 1347, 1349 (S.D. Fla. 2013) .................... 1

*BuySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014) ....................................... 12

*Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019) .................................... 3, 4

*DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1258-59 (Fed. Cir. 2014) ............ 9, 11, 12

*ILife Techs., Inc. v. Nintendo of America, Inc.*, 2021 WL 117027 at *2 (Fed. Cir. Jan. 13, 2021) .......... 10

*In re Bilski*, 545 F.3d 943, 954 (Fed. Cir. 2008) ......................................................................... 14

*In re TLI Commc'ns.*, 2015 WL 627858, at *8 ........................................................................... 11

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ............................................. 2

*Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S.CT. 1289, 1297 ............ 13

*M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 999 (Fed. Cir. 2018) ............. 2

*Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 97 (2011) .......................................................... 3

*Milliman, Inc. et al. v. Gradient A.I. Corp., et al.*, 1:21-cv-10865, Dkt. No. 43 (D. Mass. March 11, 2022) .................................................................................................................................. 4

*MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1379 (Fed. Cir. 2019) ........................................ 2

*Northwestern University v. Universal Robots A/S et al.*, No. 1:21-cv-00149, Dkt. No. 34 (D. Del. March 28, 2022) ........................................................................................................................ 4

*PPS Data LLC v. Jack Henry & Assoc., Inc.*, 404 F.Supp.3d 1021, 1039 (E.D. Tex. 2019) ...................... 7

*SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1333 (Fed. Cir. 2010) ....................................... 14

*Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*, 2020 WL 278481 at *4 (W.D. Tex. Jan. 10, 2020) .................................................................................................................................................. 4

*SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1304 (Fed. Cir. 2019) ................................... 7

*TecSec, Inc. v. Adobe, Inc.*, 978 F.3d 1278, 1292-93 (Fed. Cir. 2020) .................................... 11

*Trustees of Columbia University in the City of New York v. Nortonlifelock, Inc.*, 3:13-cv-00808, Dkt. No. 718 (E.D. Va. February 2, 2022) ............................................................................................. 4

*Ultramercial, Inc. v. Hulu*, 772 F.3d 709, 715 .................................................................. 11, 12

*Voxer, Inc. and Voxer IP LLC v. Facebook, Inc. and Instagram LLC*, 1:20-cv-00655, Dkt. No. 236 (W.D. Tex. February 15, 2022) ............................................................................................... 4

*Westwood One, LLC v. Local Radio Networks, LLC*, 1:21-cv-00088, Dkt. No. 45 (N.D. Ind. January 21, 2022) .................................................................................................................................. 4

Defendant Decapolis Systems, LLC ("Defendant" or "Decapolis") respectfully submits this Sur-Reply Brief in Opposition to Defendant's Rule 12(c) Motion and Memorandum in Support for Judgment of Invalidity on the Pleadings [Dkt. No. 35 & 36] ("Defendant's Motion"). As will be shown in greater detail herein below, Defendant's Motion lacks merit and should be summarily denied.

## I.  DISPOSITION OF THIS ISSUE AT THE PLEADING STAGE IS INAPPROPRIATE

Again, this issue is presented to the Court at the pleading stage. The point of Plaintiff's Reply Brief is that the Court is left with zero developed record from which it could possibly assess what was, and what was not, well-understood, routine, and conventional in the art *as of December 1999*, not to mention a lack of familiarity with the disclosures *and an absence of claim construction*[1]. The Asserted Claims here cannot and should not be summarily invalidated simply because Defendant refuses to accept the non-abstract nature of, and numerous inventive concepts captured in, the Asserted Claims.

Accused infringers invoking section 101 in a Rule 12(b)(6) motion or a Rule 12(c) motion face an uphill battle. It is now well established that patents are presumed valid. *See Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 97 (2011). Overcoming that presumption demands clear and convincing evidence, even in the eligibility context. *See Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019). Indeed, any fact "pertinent to the invalidity conclusion must be proven by clear and convincing evidence." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). Defendant has not overcome these procedural obstacles.

---

[1] The Court in WDTX did hold a *Markman* hearing on March 22, 2022, and found all terms Defendant argued as indefinite or needing construction to not be indefinite and assigned a plain and ordinary meaning construction to all construed terms. The WDTX Court has yet to issue a formal Order regarding its findings during the *Markman* hearing, the fact remains that this Court has yet to rule on claim construction.

### A. Claim Construction

It may be true the Federal Circuit jurisprudence has never held claim construction is *necessary,* but it is just another reason this case is not ripe for disposition. Moreover, Defendant states it will take Plaintiff's constructions, but it does not recognize the parties here in this case *have not even exchanged terms.* Having its claim construction approach unfruitful in the Western District of Texas, Defendant may very well decide to construe different terms here. Thus, the parties and the Court start at ground zero. There are no terms identified yet to take Plaintiff's position. And the fact Plaintiff does not identify any terms only goes to show how premature this is. Plaintiff does *not know* what terms Defendant will chose to construe in this case, so how would Plaintiff have any terms to identify for needed construction.

And it's still true the Federal Circuit has hampered courts' authority to issue ineligibility determinations at a case's earliest stages. *See, e.g., MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1379 (Fed. Cir. 2019); *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273–74 (Fed. Cir. 2012).

### B. Intrinsic Record

#### 1. Specification

Yes, the claims are directed to computer hardware and software, but Defendant's analysis leads to the conclusion that no patents can include computers. But that does not belie the fact that when the complaint contains concrete allegations regarding the "claimed combination's improvement to the functioning of the computer," the asserted patents can survive a Rule 12(b)(6) motion at *Alice* step one. *Aatrix*, 882 F.3d at 1128. When the complaint contains concrete allegations that "individual elements and the claimed combination are not well-understood,

routine, or conventional activity," the asserted patent can survive a Rule 12(b)(6) motion at *Alice* step two. *Id.* This applies equally to a Rule 12(c) motion.

As shown, the Asserted Claims are drawn to patent-eligible subject matter. But even if Defendant could prove the Asserted Claims are directed to an abstract idea, Defendant has nevertheless failed to establish a lack of factual dispute with respect to the allegations of Defendant's claims relating to the existence of an inventive concept. For example, Defendant fails to meet its burden to deny the claims' factual basis as to "whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field," which is *a question of fact* that must be "proven by clear and convincing evidence." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). *See also Aatrix Software, Inc.*, 882 F.3d at 1129 ("[w]hether the claim elements or the claimed combination are well-understood, routine, [or] conventional *is a question of fact*") (emphasis added).

Defendant has merely raised customary boilerplate arguments that all claims in the asserted patents ("Patent Claims") are invalid because they allegedly fail to recite patent-eligible subject matter. This is a gross oversimplification of the Patent Claims and the underlying premise that virtually no invention remotely relating to electronic health records and insurance claims can be patent eligible.

The inventions of the Patent Claims solve the technical problem facing the industry in 1999 associated with doctors or other providers not always having the latest information and/or research material available to them prior to, and/or during, the diagnosis and/or treatment process. *See e.g.,* Dkt. No. 01, ¶ 16. Moreover, the fact that Plaintiff's Claims recite the disclosures and teachings *as taken directly from the written specification* of the Asserted Patents is fatal to Defendant's Motion. Accordingly, Defendant's Motion fails on the merits and should be denied.

## II.     ALLEGED ANALOGOUS CLAIMS

Defendant provides no analysis as to how completely different claims, and admittedly ***not these*** Patent Claim ("near-identical"), are controlling here. Just because Defendant highlights some language from each patent claims does not provide an explanation, how taken together with the non-highlighted elements, they are representative. Nor does Defendant provide any examiner reasoning on those elements and combinations thereof, but merely makes conclusory determinations that the examiner found them ineligible.

Second, the truth still remains the Federal Circuit has recognized that deciding Rule 12(b)(6) motions invoking section 101 requires factual presumptions favoring non-movants (this likewise applies to Rule 12(c) motions since they are governed by the same standards as a Rule 12(b)(6) motion). *Aatrix* 882 F.3d at 1121. Because a court considering a Rule 12(b)(6) motion and a Rule 12(c) motion must accept a complaint's factual allegations as true, a complaint or counterclaim can recite concrete allegations regarding *Alice*'s underlying factual issues to guard its asserted patents from an early ineligibility determination. *See id.* at 1128; *see also Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (describing presumptions favoring non-movants in this Circuit); *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 999 (Fed. Cir. 2018) ("In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the Defendant's complaint as true and resolve any factual conflicts in the affidavits in the Defendant's favor.").

Defendant rightly points out the recent rulings are distinguishable Those decisions all involved ***different technology***, but they equally enforce Plaintiff's argument that computer based patent claims are eligible, and found as such all the time.

### *III.*   *ALICE* **STEP 2**

Defendant's arguments and reasoning lead to the conclusion no patent claims can ever exist that recite the use of a computer. As explained, the claimed "processing device" is not an off-the-shelf generic computer component, but rather a ***specialized processing device that allows for linking both current and previous providers, and that allows for the updated patient information***.

*Alice* recognized that modern computers can be programmed to facilitate many precomputer tasks, and this is what *Alice* brings into focus for possible exclusion from patentability. *Alice* does not say that one should somehow ignore a claim element that is limited to a specialized computer because that computer is in the prior art.

The claimed "processing device" here is certainly a specialized computer. The processing device

> **"processes a request to at least one of access, obtain, change, alter, and modify, information contained in a patient's healthcare record or a patient's healthcare of a patient, wherein the processor determines whether an individual or entity is authorized to at least one of access, obtain, change, alter, and modify, the information contained in a patient's healthcare record or a patient's healthcare, and further wherein the processor generates a notification report containing at least one of information regarding the individual or entity making the request, identification information regarding the individual or entity, and a time and date of the request, and further wherein the notification report contains an actual change, alteration, modification, sought to be made or made to the information contained in a patient's healthcare record or a patient's healthcare."**

*See* '048 Patent, at Claim 1. **The claimed architecture allows for linking both current and previous providers, and that allows for the updated patient information.** This *is* specially programmed and sufficient to confer patent-eligibility. In other words, this is not a case where the claims specify a well-known prior art method, coupled with the requirement that the method be executed on "a computer," where the computer is any modern computer.

To the contrary, the Patent Claims recite a combination of elements, including a specialized processing device, that together define an architecture that address problems existing at the time of the claimed invention.

### IV.     CONCLUSION

Defendant's Motion should be denied. Plaintiff has plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Further, as shown herein, the Patent Claims are drawn to patent-eligible subject matter, and Defendant has failed to prove otherwise.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

Dated:  May 5, 2022

Respectfully Submitted,

By its attorney,

/s/ Paul T. Muniz.
Paul T. Muniz
pmuniz@donovanhatem.com
DONOVAN HATEM, LLP
53 State Street, 8th Floor
Boston, MA  02109


**GARTEISER HONEA, PLLC**
Christopher A. Honea
*Pro Hac Vice*
chonea@ghiplaw.com
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420

**COUNSEL FOR DEFENDANT
DECAPOLIS SYSTEMS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2022, I electronically filed the foregoing document with the United States District Court for the District of Massachusetts by using the CM/ECF. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system.

/s/ Paul T. Muniz